Rev. 7/2016

# PROFFER AGREEMENT

With respect to the meeting of Sean Leonard ("Client") and his attorney, Richard Finkel, Esq., with Assistant U.S. Attorney Mark E. Misorek of the Office of the United States Attorney for the Eastern District of New York (the "Office") and Special Agent John Lattuca of the United States Department of Homeland Security, Immigration and Customs Enforcement-Homeland Security Investigations, held on May 15, 2017 (the "Meeting"), the following understandings exist:

1. **THIS IS NOT A COOPERATION AGREEMENT.** Client agrees to provide the Office with information, and to respond to questions, so that the Office may evaluate Client's information and responses in making prosecutorial decisions. By receiving Client's proffer, the Office does not agree to confer immunity, make a motion on Client's behalf, or enter into a cooperation agreement, plea agreement or non-prosecution agreement. The Office makes no representation about the likelihood that any such agreement will be reached in connection with this proffer.

2. Making a false statement to federal law enforcement, including during this meeting, and obstructing a federal investigation are federal crimes. In any prosecution brought against Client by the Office for false statements, obstruction of justice, or perjury with respect to acts committed or statements made at or after the Meeting, the Office may offer in evidence any statements made by Client at the Meeting (A) in its case-in-chief, (B) in its rebuttal case and (C) at sentencing.

3. In any prosecution brought against Client by the Office, except a prosecution for false statements, obstruction of justice, or perjury with respect to acts committed or statements made at or after the Meeting, the Office will not offer in evidence any statements made by Client at the Meeting (A) in its case-in-chief or (B) at sentencing.

4. Notwithstanding paragraph (3) above, the Office may use any statements made by Client: (A) to obtain leads to other evidence, which evidence may be used by the Office in any stage of a criminal prosecution (including but not limited to detention hearing, trial or sentencing), civil or administrative proceeding, (B) as substantive evidence to cross-examine Client, should Client testify, and (C) as substantive evidence to rebut, directly or indirectly, any evidence offered or elicited, or factual assertions made, by or on behalf of Client at any stage of a criminal prosecution (including but not limited to detention hearing, trial or sentencing).

5. Notwithstanding any of the foregoing, in the event Client seeks to qualify for a reduction in sentence under 18 U.S.C. § 3553(f) or Sentencing Guidelines §§ 2D1.1(b)(16) or 5C1.2, or seeks a downward departure under the Sentencing Guidelines or downward adjustment under 18 U.S.C. § 3553(a) based on attempted cooperation, paragraphs (3) and (4) will not apply at sentencing to any statements made by Client at the Meeting, and the Court may rely on all statements by Client in sentencing Client.

6. It is further understood that this agreement is limited to the statements made by Client at the Meeting and does not apply to any oral, written or recorded statements made by Client at any other time or to any other information provided at the Meeting. Moreover, the provisions of Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 do not apply to any statements made by Client at the Meeting, and Client shall not assert any claim under these or any other provisions of law that such statements or any leads therefrom should be suppressed.

7. No understandings, promises, or agreements have been entered into with respect to the Meeting other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties.

Dated: Central Islip, New York
May 15, 2017

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York

By: _____
Mark E. Misorek
Assistant U.S. Attorney

_____
John Lattuca
Agent

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
Sean Leonard
Client

_____
Richard Finkel
Attorney for Client

DISC-021323